CLERK ORIGINAL

**FILED**

AUG 27 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY CLERK

1  Michael A. Bruzzone, in pro se
2  3766 Via Verdi, Richmond, CA 94803

3  **In the UNITED STATES DISTRICT COURT**
   **for the EASTERN DISTRICT OF CALIFORNIA**

2:21 CV - 1539 TLN CKD PS

| | |
|---|---|
| Michael A. Bruzzone, 31 USC § 3730 Relator original course and Federal Trade Commission 15 U.S.C. § 5 attorneys enlisted discovery aid supporting FTC v Intel Corp. Dockets 9288 and 9341. Advocate for lawful Class at 42 U.S.C. 1981(a)(b), in-State 1983, 1985(1)(2)(3) subject Intel Inside 15 U.S.C. §§ 1, 2 price fix recovery<br><br>Plaintiff<br><br>vs.<br><br>Intel Corporation<br><br>Defendant | **ORIGINAL COMPLAINT**<br><br>**ACTION TO RECOVER INTEL INSIDE® x86 in PROCESSOR IN BOX and RIDING IN-COMPUTER CHASSIS END BUYER UNECESSARY ILLEGAL UNREASONABLE DIRECT cost paid by CONSUMER PRICE FIX CHARGE**<br><br>**Intel Inside cartel administrative charge is an end buyer discriminatory processor in distribution channels flows registered metering device; circular, reoccurring extra economic, rebated fee, a brand fee reward, direct kick back, nonsense cost, avoidable end buyer cost charge begins May 1993 on INTC 10K ceases 2018 end.**<br><br>**Intel Inside is condemned per se illegal by the European Union Competition Commission at case C3- 37.990 on May 13, 2009. United States Federal Trade Commission Docket 9341 seeks remedies to consumer harms determined on Intel conduct associated with rebate payments deemed harmful on October 31, 2010.**<br><br>**Intel Corporation continuous predicate act of end buyer price fix charge May 1993 through December 2018 is brought at Clayton 15 U.S.C. § 15, on jurisdiction 15 U.S.C. § 22 pursuant 15 U.S.C. §§ 1, 2 and 18 U.S.C. 1962(c) violation intent to conceal price fix on consumer highway robberies subject;** *United States v Apple Inc.*, 952 F. Supp, 2d 638 (S.D.N.Y 2013); *Appalachian Coals, Inc. v United States* 288 U.S. 344 (1933), *United States v Nat'l Assoc. of Real Estate Boards* et al, 399 U.S. 485 (70 2.Ct. 711, 94, L.Ed 1007), *United States v Munsingwear, Inc.*, 340 U.S. 36 (Supreme Court 1950) |

**ORIGINAL COMPLAINT** 1

# TABLE of CONTENTS

**INTRODUCTION** *at page* 4

**FACTS** 7

**LAW CLAIMS and JURISDICTION** 7

**States Attorneys General Standard Complaint Intel Inside® System Diagram** 10

**BACKGROUND** 11

From States v Intel Complaint; Intel Inside® predicate annual price fix 12

**RIGHT TO AMEND** 13

**PRAYER** 13

**PROPOSED STIPULATION** 15

**CERTIFICATE of SERVICE** 16

## U.S. Constitution, Statutes and Procedures

United States Constitution at 1st, 5th, 9th and 14th

California Anti-SLAPP in federal court at Civil Procedure § 415.16

FRCP 60(b)(3)(b)(6)

5 U.S.C. § 555(b) §§ 701 – 706

15 U.S.C. §§ 1, 2, 5, 15, 22

18 U.S.C. §§ 241, 242, 1001, 1341, 1512, 1513, 1519, 1962(c), 1964(c)

31 U.S.C. § 3730 (b)(1)(c)(3)

42 U.S.C. §§ 1981(a)(b), in-State 1983 and 1985(1)(2)(3)

**ORIGINAL COMPLAINT** 2

## TABLE OF AUTHORITIES

*Appalachian Coals, Inc. v United States* 288 U.S. 344 (1933)

*Batzel v Smith*, 333 F.3d at 1024 (9th Circuit 2003)

*Cherry St., LLC v Hennessee Group LLC*, 573 F.3d 98 (2nd Cir N.Y. 2000)

*Grenada Lumber Co. v Mississippi*, 217 U.S. 433 (Supreme Court 1910)

*Global-Tech Appliances, Inc., v SEB SA.*, Supreme Court of the United States, Certiorari to U.S. Court of Appeals for the Federal Circuit No. 10-6, May 31, 2011

*Hale v State Farm Fire and Casualty Company*, 2:2020-cv-1688 (W.D. of Ill., 2020)

*Haroco Inc., v Am National Bank and Trust Co.*, 747 F.2d 384, 402 (7th Circuit 1984)

*Hartford Insurance v California,* 590 U.S. 764, 800-804 (1993)

*Hilton v Hallmark Cards*, 599 F.3d 894 (2010)

*Thomas v Fry's Electronics, Inc.*, 400 F.3d 1206 (9th Circuit 2005)

*New. Net Incorporated v Lavasoft* 355 F. Supp. 2d 1090 (C.D. Cal., 2004)

*Pretz v Holstein Frisian Association of America,* 698 F.Supp.1531 (1988)

*Salinas v U.S.,* 522 U.S. 65 (1977)

*Spurr v United States*, 174 U.S. 728, 735, 19 S.Ct. 1812 (1899)

*United States v Apple Inc.*, 952 F. Supp, 2d 638 (S.D.N.Y 2013)

*United States v Munsingwear Inc.,* 340 U.S. 36 (Supreme Ct 1950)

*United States v National Association of Real Estate Boards* et al, 399 U.S. 485 (70 2.Ct. 711, 94, L.Ed 1007)

### Treatise

L.A. Sullivan, Antitrust 230, 232, 244 (1977)

**ORIGINAL COMPLAINT** 3

# INTRODUCTION

Bruzzone for self and similar seek judicial ORDER directing case matter to mediated settlement. Mediation is to recover consumer direct harms on Intel Corp. concealment of Intel Inside® sales outlet payments for processor in retail box and processor integrated into a computer chassis metering reports taxed to end buyers. Metering reports of processor in box and computer chassis end buyer volume sales are mandated contractually by Intel Corporation for inventory tracking "unreasonably raising prices". Price is raised by $6.59 across minimally 4,623,837,562 consumer purchases of Intel Corp. processors May 1993 through December 31, 2018. Sums are ascertained across 25 Intel 10 K reports on discovery on Intel contract knowledge by Bruzzone attorney's enlisted discovery aid for the Federal Trade Commission in 2008, validated by an expert academic source known as "Professor" for European Union Competition Commission 37.990 Intel antitrust investigation in 2009.

Bruzzone seeks $13.18 in Intel Inside price fix recovery associated his Pentium 200 and Core 2 Duo purchases, and for his 25 years of case work enlisted in academic discovery service by Federal Trade Commission supporting v. Intel Corporation Dockets 9288 begins May 1998 and Docket 9341 currently for professional losses associated with punitive harms.

Damages both professional economic and punitive are imposed by defendant Intel Corporation concert and vicarious conduct to SLAPP Bruzzone (CCP § 415.16), maliciously placing in false light. Intel inadequately vexes Bruzzone in federal and state courts claiming on erroneous cause that Intel is harassed. Bruzzone is actually immune at 15 U.S.C. § 5 and 31 U.S.C. § 3730 (b)(1)(c)(3). Intel through associates concertedly spread non adjudicated hearsay and through perjury promote other's to boycott and hate Bruzzone on the falsities

defendants maliciously invent for placement in court records knowing falsities will spread to industry and public forum through court record into the public record. Bruzzone is hung up by Intel Corporation and associates in multiple vicarious if not concert public pillaring; Texas to California car contraband incident, Lion and Compass incident, Moore Luncheon incident, ARM and RTOS and partner witness incident, 1997 Intel Visualization Platform Conference Dr. Grove incident, Stock and SUN Microsystems recruitment incident, AMD Intel security incident,. Nat'l Semi AEA security incident, IDT on trails incident, the SEMI Intel SUNY incident, SEMI CEO executive mixer incident, Data Center Alliance entrapment, EE Times Incident, ARM Techcon entrapment to name a few on the debilitating effects of Intel and business associates concealing corruption that is organized crime infiltration of Intel, and industry, compounded by a 20 year Intel State injunction singling out Bruzzone.

Defendants have placed Bruzzone into obloquy causing his boycott within industry and the legal service's market. Bruzzone claims career damages the sum of $130,000,000 that is equivalent the Intel Corp. career salary of one among Bruzzone's primary marketing competitors, through the 30 years of these Intel digressions, former Intel CEO Mr. Otelinni, whose engagement in channel sales racketeering Bruzzone was and remains under federal attorneys enlistment to report and too document and does so here.

Mr. Otelinni has not been the only Intel Corporation CEO proximate channel sales racketeering. Dr. Andrew Grove claims one of the three originators of Intel Inside® tied charge back price fix along with Intel executives Mr. Denise Carter and Mr. David House.

Under Anti-SLAPP if [vexatious] motion is granted and respondent demonstrates that the petitioning parties brought their claim for the purpose of squelching speech, for

**ORIGINAL COMPLAINT**  5

harassment, to inhibit a public party's participation on conduct does interfere with party's exercise of protected constitutional rights, having wrongfully injured the party, the court shall award for actual damages "amounts to deprivation of property without due process within the meaning of the 14th Amendment"; *Grenada Lumber Co. v Mississippi*, 217 U.S. 433 (Supreme Court 1910). Intel Corporation has no First Amendment defense against Bruzzone "deterring a common citizen from exercising their political or legal right or to punish them for doing so", *Batzel v Smith*, 333 F.3d at 1024 (9th Circuit 2003). Eastern District has jurisdiction *Thomas v Fry's Electronics, Inc.*, 400 F.3d 1206 (9th Cir. 2005). Bruzzone speech is protected enlisted in federal and state agency; *Hilton v Hallmark Cards*, 599 F.3d 894 (2010); *New. Net Inc. v Lavasoft* 355 F.Supp. 2d 1090, 1098 (C.D. Cal. 2004), at 18 U.S.C. §§ 1512, 1513, 1516, Clayton and in-State on Cartwright Act. Bruzzone is retained by Congress of the United States at Constitution 9th for the people; at Sherman Act 15 USC. § 5 and Federal False Claims Act 31 U.S.C. § 3730. Bruzzone makes no Intel Inside® price fix recovery claim for the United States federal government in this action.

For States Attorneys General citizen's recovery Bruzzone seeks $17,065,500,000 in Intel Inside price fix fees plus $500,000,000 in reimbursement management cost offset.

Intel Corporation Legal Department is in receipt of settlement offer and this case matter is meant too directly support Intel Legal department reach this needed mediation.

Otherwise Bruzzone is prepared too litigate the matter re-walking discover steps implemented in European Union Competition Commission v Intel Corporation 37.990 and Federal Trade Commission v Intel Corporation Docket 9341 both of which resulted

**ORIGINAL COMPLAINT** 6

in Intel Inside price fix affirmative findings. It is on EUCC and FTC finding's Bruzzone moves this case be ordered too mediated settlement reliving unnecessary burden and stall.

## FACTS

According to the Intel Corp 10K, Intel Inside® is a cost charge incorporated within the price of Intel x86 processors and the computers they are integrated. Presents a cartel requirement tie paid to offset the cost for channel's engaged in Intel registered metering of processors sold in retail box and sold integrated into a computer chassis. Sales outlets are directly paid by Intel for their reports acting in sales agency. The practice is discriminatory to end buyers who pay that cost of sales tracking in their final purchase price of Intel processors in retail box or integrated into dealers Intel Inside® branded computers, "unreasonably raising prices"; *U.S. v Apple Inc.*, 952 F. Supp, 2d 638 (S.D.N.Y 2013).

Bruzzone who is federal attorneys enlisted 15 U.S.C. § 5 Docket 9288 and 9341 verse Intel Corporation discovery aid and currently Docket 9341 consent order monitor, on his 30 year industry knowledge of Intel Inside price fix, Federal Trade Commission Docket 9288 and 9341 system confirmation on contract knowledge, on FTC 9341 contract knowledge and determination of consumer harming rebates, on European Competition Commission 37.990 v Intel Corp. condemnation of Intel Inside® price fix as "avoidable consumer cost" charge the matter is expected to resolve quickly on mediated settlement.

## LAW CLAIMS and JURISDICTION

This is an action at 15 U.SC. §§ 15, 22 subject 42 U.S.C. § 1981(a)(b) by "lawful class" advocate including for 31 States Attorneys General and Mr. Bruzzone for himself individually harmed in business by Intel Corp. engaged in the 25 year associate network

**ORIGINAL COMPLAINT** 7

targeting of Mr. Bruzzone; to defame, vex, blacklist, boycott, place into damning forms of false light and obloquy meaning to pauperize too dissuade assistance, legal service representation and employment within the processor and computer industry itself. "Boycott and group boycott is a type of concerted refusal to deal, where the collective effort in the transaction is designed to cause the boycotted firm (or individual) to change their way with respect to a different transaction". Classic "group boycott" is a concerted attempt by a group of competitors at one level to protect themselves from competition by non group members who seek to compete at that level; [L.A. Sullivan, Antitrust 230, 232, 244 (1977), *Hartford Insurance v California*, 590 U.S. 764, 800-804 (1993)]. The Supreme Court has "long held that certain concerted refusals to deal or group boycotts are so likely to restrict competition without any offsetting efficiency gains they should be condemned as per se violations of §1 of the Sherman Act; *Pretz v Holstein Frisian Assoc. of America*, 698 F.Supp.1531 (1988).

Intel including under color of law misrepresentations means too quash Mr. Bruzzone intent on conduct to take his industry original witness source direct knowledge concerning Intel Inside price fix methods supporting the Federal and States governments. Includes the opposition negating this auditor monitor role as 15 U.S.C. §5 Federal Trade Commission attorneys enlisted Docket 9341 consent ORDER monitor and 31 U.S.C. § 3730 (b)(1)(c)(3) U.S. Department of Justice on relator original source status of Intel Inside price fix. . These claims are made pursuant U.S. Constitution 1st, 5th, at 9th amendment retained by Congress for the people, and 14th amendment seeking equal protection. Bruzzone is recognized by 31 States Attorneys General as Intel Inside® witness, expert and the relator original source.

**ORIGINAL COMPLAINT** 8

Defendant reliance on an inadequate federal vexatious ORDER intends to SLAPP in all courts where Bruzzone is immune subject 15 U.S.C. § 5 and 31 U.S.C § 3730. Is meant by defendants to libel in public forum, dissuade unknowing law enforcement in the federal and states government and create question in private attorney service's market unreasonable to reasonable persons. Casetext.com, Court Listener, Docket Alarm, Find-A-Case, Fear Not Law, Jural-index, Justia Dockets, Leagle, Pacer Monitor, Unicourt all publish defendant's misrepresentation in a SLAPP said "dangerous, frivolous, harassing, vexatious".

This complaint is here brought to Eastern District on a 42 U.S.C. § 1985(1)(2)(3) Northern California District corporate political divergence which attempts too negate and stall out Intel Inside processor in retail box and microprocessor riding in computer chassis remedial address; "rigging the justice system" *Hale v State Farm*, to prevent recovery of Intel Inside® price fix for end buyer reimbursement at 15 U.S.C. §§ 1, 2 and 18 U.S.C. § 1962(c) cognizable 15 U.S.C. §§ 15, 22 and 18 U.S.C. 1964(c). Rigging occurs in the face of related criminal racketeering questions at 18 U.S.C. §§ 2, 3, 241, 242, 371, 641, 1001, 1341, 1503, 1505, 1510, 1511, 1512, 1513, 1956 A)(i) promotion, (A)(ii) evade taxes, (B)(i) concealment, (B)(ii) avoid transaction report requirements (h) conspiracy at 18 USC 1831.

For a decade and escalating in the prior seven years at 18 U.S.C. § 1962(c), Intel Corporation Attorneys including outside counsel McManis and Faulkner LLP and fixer Dr. Harley Stock said affiliate agent of FBI and Secret Service are paid from end buyer stolen funds to conceal Intel Inside price fix see *U.S. v Munsingwear Inc.*, 340 U.S. 36 (Supreme Ct 1950). Are engaged with United States Attorney NCD denying Bruzzone representation subject his 15 U.S.C. 5 status as Docket 9341 monitor subject 5 U.S.C. § 555(b) §§ 701 –

**ORIGINAL COMPLAINT**                                        9

706. At FRCP 60(b)(3)(b)(6) both perpetrate frauds on Bruzzone and the court disabling the mechanics of justice process that stalls adjudication of the matter. Intel Corp. associates, in law and government, on their methods defame Mr. Bruzzone, on their manipulations of justice process both procedurally and on statute. Demonstrates conduct intent to run Clayton Act four year statute of limit enabling Intel Corp. an escape from Intel Inside® price fix end buyer reimbursement subject 15 USC §§ 1, 2 vertical on horizontally combing contracts intent to monopolize processor sales over cartel bridges across state lines for toll charges.

**States Attorneys General Standard Complaint Intel Inside® System Diagram revised;**



Pursuant States of United States at 18 U.S.C. § 1962(c) defendants do derive income from their racketeering activity on concealment of Intel dealing cartel processor distribution sales flow metering for reoccurring payments in interstate commerce is highway robbery.

**ORIGINAL COMPLAINT** 10

Intel associate jurist fraud FRCP 60(b)(3) at 18 U.S.C. § 1962c "paid from stolen funds" to conceal Intel Inside price fix is "part of associates ongoing criminal enterprise undertaken to facilitate future criminal acts by other members", *Salinas v U.S.*, 522 U.S. 65 (1977). Where "Intel Corporation, associate jurists, sales and media channels engaged in Intel Inside price fix are the direct beneficiaries of [this] pattern of racketeering", *Haroco Inc., v Am National Bank and Trust Co.*, 747 F.2d 384, 402 (7th Circuit 1984).

Intel Corporation intent to deceive, manipulate, defraud *mens rea* is established in the related case record denied entry in hearing *Cherry St., LLC v Hennessee Group LLC*, 573 F.3d 98 (2nd Cir N.Y. 2000). A party cannot actively induce infringement", *Global-Tech Appliances, Inc., v SEB SA.*, Supreme Court of the United States, Certiorari to U.S. Court of Appeals for the Federal Circuit No. 10-6, May 31, 2011. The doctrine of willful blindness is well established in criminal law . . . [associate] defendant's cannot escape the reach of these [criminal] statutes by deliberately shielding themselves from clear evidence of critical [civil] facts that are strongly suggested by the circumstance", *Spurr v United States*, 174 U.S. 728, 735, 19 S.Ct. 1812 (1899).

## BACKGROUND

Intel Inside price fix is a kick back payment that systematically promotes end sales outlet's reporting of Intel processor buyer sales out to Intel Corporation. Offsets the cartels cost of administering processor sales flow registered metering. Sales outlets have received on average $6.59 each across 4,623,837,562 Intel processors produced through 25 years for their participation in Intel consumer discriminatory registered metering of the end buyer processor including in computer sale. Total processors according to the industry

analysts International Data Corp., and Gartner, and is thought to under report total sum of Intel processors cost charged with Intel's Inside® price fix by this FTC discovery aid.

According to Intel Corporation 10K, Intel Inside price fix is cost within the retail price of processors and OEM price of processors integrated into computers, are ultimately paid by end buyers. Intel Inside is a cartel toll way charge for registered metering maintaining bridge monopoly, exclusive dealing through a commissioning brand fee reward that pays sales agents too report Intel cartel processor in computer inventory final sales out reoccurring in interstate commerce. On said report of final buyer purchase Intel pays sales outlets, acting in contractual agency, for their report registering to inform Intel the final sale of every next Intel processor identifying the relief of its inventory burden and administration cost of metering on this form of cartel distribution flow tracking system. From States v Intel Complaint Exhibit 2; Intel Inside® predicate annual price fix

| Year | Annual Ad Expense | ▲ Yr/Yr | % ▲ Ad Exp. | Annual Sales Rev | Ad % Rev | MPU Shipments Yr | $Ad/MPU |
|---|---|---|---|---|---|---|---|
| 1993 | $325,000,000 | | | $8,872,000,000 | 3.663% | 33,680,000 | $9.65 |
| 1994 | $459,000,000 | $134,000,000 | 29.19% | $11,521,000,000 | 3.984% | 44,700,000 | $10.27 |
| 1995 | $654,000,000 | $195,000,000 | 29.82% | $16,202,000,000 | 4.037% | 54,870,000 | $11.92 |
| 1996 | $974,000,000 | $320,000,000 | 32.85% | $20,847,000,000 | 4.672% | 70,790,000 | $13.76 |
| 1997 | $1,200,000,000 | $226,000,000 | 18.83% | $25,070,000,000 | 4.787% | 85,330,000 | $14.06 |
| 1998 | $1,300,000,000 | $100,000,000 | 7.69% | $26,273,000,000 | 4.948% | 90,960,000 | $14.29 |
| 1999 | $1,700,000,000 | $400,000,000 | 23.53% | $29,389,000,000 | 5.784% | 115,800,000 | $14.68 |
| 2000 | $2,000,000,000 | $300,000,000 | 15.00% | $33,726,000,000 | 5.930% | 139,500,000 | $14.34 |
| 2001 | $1,600,000,000 | -$400,000,000 | -25.00% | $26,539,000,000 | 6.029% | 154,300,000 | $10.37 |
| 2002 | $1,700,000,000 | $100,000,000 | 5.88% | $26,764,000,000 | 6.352% | 167,500,000 | $10.15 |
| 2003 | $1,800,000,000 | $100,000,000 | 5.56% | $30,141,000,000 | 5.972% | 170,000,000 | $10.59 |
| 2004 | $2,100,000,000 | $300,000,000 | 14.29% | $34,209,000,000 | 6.139% | 175,000,000 | $12.00 |
| 2005 | $2,600,000,000 | $500,000,000 | 19.23% | $38,826,000,000 | 6.697% | 177,000,000 | $14.69 |
| 2006 | $2,300,000,000 | -$300,000,000 | -13.04% | $35,382,000,000 | 6.500% | 180,000,000 | $12.78 |
| 2007 | $1,900,000,000 | -$400,000,000 | -21.05% | $38,300,000,000 | 4.961% | 185,000,000 | $10.27 |
| 2008 | $1,890,000,000 | -10,000,000 | -0.53% | $37,586,000,000 | 5.028% | 190,000,000 | $9.95 |
| 2009 | $1,400,000,000 | -$490,000,000 | -35.00% | 35,127,000,000 | 3.986% | 194,750,000 | $7.19 |
| 2010 | $1,800,000,000 | $400,000,000 | 22.22% | 42,623,000,000 | 4.223% | 227,857,500 | $7.90 |
| 2011 | $2,100,000,000 | $300,000,000 | 14.29% | 59,999,000,000 | 3.500% | 236,971,800 | $8.86 |

| Year | | | | | | | |
|------|------|------|------|------|------|------|------|
| 2012 | $1,865,500,000 | -$234,500,000 | -12.57% | 53,300,000,000 | 3.500% | 258,299,262 | $7.22 |
| 2013 | $1,900,000,000 | $34,500,000 | 1.82% | 53,300,000,000 | 3.565% | 311,796,000 | $6.64 |
| 2014 | $1,800,000,000 | $100,000,000 | 5.56% | 55,870,000,000 | 3.222% | 288,700,000 | $5.77 |
| 2015 | $1,800,000,000 | $0 | 0.00% | 55,355,000,000 | 3.252% | 269,700,000 | $6.23 |
| 2016 | $1,800,000,000 | $0 | 0.00% | 59,400,000,000 | 3.030% | 269,400,000 | $6.67 |
| 2017 | $1,400,000,000 | -$400,000,000 | -29% | $62,761,000,000 | 2.231% | 259,400,000 | $5.40 |
| 2018 | $1,200,000,000 | -$200,000,000 | -16.67% | $70,848,000,000 | 1.694% | 255,583,000 | $4.70 |
| 2019 | $1,836,403,326 | $636,403,326 | 53.03% | $71,970,000,000 | 0.025% | 266,690,000 | $6.89 |
| Total | $43,403,903,326 | | | $1,060,200,000,000 | 4.62% Average | 4,623,837,562 Price Fix Robberies | $10.01 Average |

Note: recovery sum of $6.59 per CPU is average of 2008 through 2018

# RIGHT TO AMEND

Plaintiff(s) reserve the right to amend this complaint including stating additional defendants and subsequent causes of action, too add counts for relief relevant to this action.

# PRAYER

WHEREFORE, Plaintiff's of pray:

**(a)** Eastern District ORDER the matter to mediated settlement,

**(b)** If opposed by Defendant(s) resulting in affirmative litigation to enter a judgment against Intel Corporation, plaintiff seeks for end buyer's the amount of $41,567,500,000 representing matching sum of Intel Inside direct price fix for sales meter report on that 25 year predicate act damaging buyers sustained on Intel's malicious conduct to conceal.

**(c)** That Bruzzone be awarded $130,000,000 remedial compensatory for professional career, economic and on punitive harms having demonstrated over 25 years he's earned this sum on dedication to his federal attorney's assignment on learning, auditing, monitoring, discoveries of Intel false certifications exposed to assassination attempts be awarded the equivalent of his marketing competitor, Intel CEO Mr. Paul Otelinni's career salary denied Bruzzone portrayed by Intel and associates and trade network competitors as incompetent, frivolous, a know nothing, dangerous, Intel harassing and a dope, targeted by Intel and

associates in psychological manipulations meant to condition Bruzzone into submission he would give up his federal assignment and fall into accomplice with the opposition engaged in consumer price fix theft, industry theft, Intel theft, industrial and economic espionage.

**(d)** That plaintiff(s) be awarded costs incurred including reasonable attorney fees;

**(e)** That in the event of State Attorneys General or U.S. Dept. of Justice intervention in action that Plaintiff(s) be awarded amount for bringing this action, specific to claims based on computer purchases subject to claim including under (State) Acts that in State of California include Cartwright Act and in other States on similar enactments.

**(f)** That Plaintiff(s) receive all relief, both at law and at equity, to which they may be reasonably entitled.

Served on the Clerk of Eastern Federal District of California
Court, Matsui Courthouse, on this day August 25, 2021

Michael Bruzzone, in pro se representing self,

Attorneys enlisted servant of Federal Trade Commission,
retained by Congress of the United States, advocate for
the people of "lawful class" v Intel "unlawful associates
at 42 U.S.C. § 1981(a)(b) on *Griffin v Breckenridge*

FBI Original Source of Intel RICO / espionage, 1996
FTC Invited Field Report Docket 9288, 1998 - 2001
CDOJ, NYDOJ 1st to report Intel antitrust, 1998
CDOJ lettered to report Intel antitrust, 2000 - 2007
SEC Relator of Intel Accounting Frauds, 2007 - 2017
U.S. Attorney 31 USC § 3730 Relator, 2008 continues
Federal Servant invited analyst FTC Docket 9341, 2009 -
Federal Circuit acknowledged §3730 Relator; 2014

## PROPOSED STIPULATION

Among parties and counsel representing parties named in this action, it is agreed by all, to meet and concur to resolve this matter satisfactorily and develop for the purpose of proposing to this court their encompassing settlement plan including but not limited to:

Compensatory too make whole, Mr. Bruzzone, on career and case work harms.

For compensatory individual Intel Inside® end buyer price fix recovery the sum of $17,065,500,500 plus $500,000,000 in consumer recovery administrative management cost offset.

Administrative management plan for recovery fund safe keeping; methods for informing the public, time frame to submit for recovery, how good and timely claims will be validated, and how valid claims will be distributed to claimants.

Individuals and responsibilities acting on "end buyer fund distribution board".

Parties will commence their settlement negotiation; report the result to this court including delivery of consumer recovery plan recommendation within 90 days.

_____
Mike Bruzzone for self
8-25-2021

_____
for Intel Corporation

It is so ordered;   _____
Judge of the Eastern District

# CERTIFICATE of SERVICE

STATE OF CALIFORNIA, Contra Costa County; I am a citizen of the United States. I declare that I am over the age of 18 years and that I am not a party to this Original action filed in United States District Court, Eastern District of California; Plaintiff Michael Bruzzone v Defendants Intel Corporation et.al. My address is 5941 McBryde Avenue, Richmond, CA 94805. On this date set forth below I caused the following documents to be served onto parties in the action.

Documents;

**ORIGINAL COMPLAINT**

**PROPOSED SETTLEMENT STIPULATION**

By hand service and/or United States Post attention;

1) Clerk of United States District Court, Eastern District of California, Robert Matsui Federal Court House, 501 I Street, Room 4-200, Sacramento, CA 95814

2) Intel Corporation; a Delaware Corporation via process agent CT Corporation System, 818 Seventh Street, Suite 930, Los Angeles, CA 90017; attn: CT Corp. Client (CO168406)

3) Intel Corp., Mr. Tenorio, 1900 Prairie City Rd, MS 3-14, Folsom, CA 95630

I declare under penalty of perjury foregoing is true and correct.

Executed August 25, 2021
at Richmond, California.

Joann Eichmann

ORIGINAL COMPLAINT                                                             16