1  JAMES McMANIS (40958)
   WILLIAM FAULKNER (83385)
2  CHRISTINE PEEK (234573)
   McMANIS FAULKNER
3  a Professional Corporation
   50 West San Fernando Street, 10th Floor
4  San Jose, California 95113
   Telephone:   (408) 279-8700
5  Facsimile:    (408) 279-3244
   Email:        wfaulkner@mcmanislaw.com
6
   Attorneys for Defendant,
7  Intel Corporation

8
                    UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10
                         SACRAMENTO DIVISION
11

12 | MICHAEL A. BRUZZONE,            | Case No. 2:21-cv-01539-TLN-CKD
13 |         Plaintiff,               | **DEFENDANT INTEL CORPORATION'S
14 |    vs.                           | NOTICE OF MOTION AND MOTION TO
   |                                  | DISMISS COMPLAINT**
15 | INTEL CORPORATION,               |
16 |         Defendant.               | **[Fed. R. Civ. P. 12(b)(3), 12(b)(6)]**
   |                                  |
17 |                                  | Date:   November 10, 2021
   |                                  | Time:   10:00 a.m.
18 |                                  | Ctrm.:  24, 8th Floor
   |                                  | Judge:  Hon. Carolyn K. Delaney

# **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on November 10, 2021, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Carolyn K. Delaney, in the United States District Court for the Eastern District of California, Courtroom 24 – 8th Floor, defendant Intel Corporation will and hereby does move to dismiss the claims presented in Plaintiff Michael Bruzzone's Complaint pursuant to Rule 12(b)(3) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that venue is improper in the Eastern District, and Plaintiff has failed to state a claim on which relief may be granted.  This motion is based upon the arguments presented in the accompanying memorandum of points and authorities, the request for judicial notice and declaration of Christine Peek filed in support of this motion, the pleadings and other documents on file with the Court, and such other arguments as may be presented at the hearing.

Dated: September 24, 2021                                         McMANIS FAULKNER

                                                                      /s/Christine Peek
                                                                       CHRISTINE PEEK

                                                                       Attorneys for Defendant,
                                                                       INTEL CORPORATION

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 8

STATEMENT OF FACTS AND PROCEDURAL HISTORY..................................................... 8

    I.     PLAINTIFF'S HISTORY OF VEXATIOUS LITIGATION ................................. 8

    II.    PLAINTIFF'S UNSUCCESSFUL 2018 EASTERN DISTRICT ACTION ........................................................................................................................ 9

    III.   ALLEGATIONS OF THE 2021 COMPLAINT......................................................... 10

ARGUMENT................................................................................................................................. 11

    I.     THE COMPLAINT FAILS TO STATE A CLAIM ............................................... 11

         A.    Plaintiff Fails to State, and Cannot State, a Claim Against Intel under the Administrative Procedure Act, Because Intel Is Not a Government Agency ....................................................................................... 12

         B.    Plaintiff Fails to State, and Cannot State, a Claim under the Sherman Act........................................................................................................ 12

              1.   Section 1 of the Sherman Act ...................................................................... 12

              2.   Section 2 of the Sherman Act ...................................................................... 13

         C.    Plaintiff Fails to State, and Cannot State, a Claim under the Clayton Act ................................................................................................... 14

         D.    Plaintiff Fails to State, and Cannot State, a Civil RICO Claim .................. 14

         E.    Plaintiff Fails to State, and Cannot State, a Claim under 42 U.S.C. § 1981......................................................................................... 14

         F.    Plaintiff Fails to State, and Cannot State, a Claim under 42 U.S.C. § 1983......................................................................................... 15

         G.    Plaintiff Fails to State, and Cannot State, a Claim under 42 U.S.C. § 1985......................................................................................... 15

         H.    No Right of Action Lies under Any Criminal Statute ................................ 17

    II.    VENUE IS IMPROPER IN THE EASTERN DISTRICT....................................... 17

         A.    Plaintiff Does Not, and Cannot, Allege a Basis for General Jurisdiction, for Purposes of Showing Intel's Residency in the Eastern District............................................................................................. 17

  B. Plaintiff Does Not, and Cannot, Allege a Basis for Specific Jurisdiction, for Purposes of Showing Intel's Residency in the Eastern District .................................................................................................... 18

  C. Plaintiff Does Not, and Cannot Allege Facts Showing Venue Is Proper in the Eastern District under 28 U.S.C. § 1391(b)(3) ....................... 18

III. PLAINTFF SHOULD BE DENIED LEAVE TO AMEND ..................................... 19

CONCLUSION ........................................................................................................................ 20

# TABLE OF AUTHORITIES

**CASES**

*Alfaro v. Citi Bank*, No. CIV-S-070363 GEB DAD PS, 2007 WL 1186562
  (E.D. Cal. Apr. 19, 2007) .................................................................................................. 19

*American Ad Management, Inc. v. GTE Corp.*, 92 F.3d 781 (9th Cir. 1996) ............................. 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). ............................................................................... 11, 14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................... 11, 12, 13, 14

*Breakey v. Lindsey*, No. 2:19-cv-00620-TLN-KJN, 2020 WL 1307042
  (E.D. Cal. Mar. 19, 2020) .................................................................................................. 19

*Bretz v. Kelman*, 773 F.2d 1026 (9th Cir. 1985) ......................................................................... 15

*Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773
  198 L. Ed. 2d 395 (2017) ................................................................................................... 18

*California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466
  (9th Cir. 1988) .................................................................................................................... 19

*California Computer Prod., Inc. v. Int'l Bus. Machines Corp.*, 613 F.2d 727
  (9th Cir. 1979) .................................................................................................................... 13

*Carmichael v. Sacramento Reg'l Transit*, No. 2:16-cv-2476-JAM-EFB PS,
  2018 WL 338977 (E.D. Cal. Jan. 8, 2018) ........................................................................ 17

*Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132
  (E.D. Cal. 2017) ................................................................................................................. 14

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ..................................................................... 17, 18

*Ennis v. City of Daly City*, 756 F. Supp. 2d 1170 (N.D. Cal. 2010) ........................................... 15

*Foman v. Davis*, 371 U.S. 178 (1962) ........................................................................................ 19

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) ................................. 18

*Katumbusi v. Cty. of Sacramento*, No. 2:19-cv-128-KJM-EFB PS, 2019 WL 460614
  (E.D. Cal. Feb. 6, 2019) ..................................................................................................... 17

*Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385 (9th Cir. 1987) ................ 16

*Stohl v. Magic Mountain, LLC*, No. 2:17-CV-01858-TLN-DB, 2019 WL 498993
  (E.D. Cal. Feb. 8, 2019) ................................................................................................ 17, 18

DEFENDANT INTEL CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT, CASE NO. 2:21-cv-01539-TLN-CKD

*Twin Sisters Gun Club v. Emlen*, No. 17–CV–01526–MCE–GGH, 2018 WL 1335394 (E.D. Cal. Mar. 15, 2018). .................................................................................................. 17

*Wuxi Multimedia Ltd. v. Koninklijke Philips Elecs., N.A.*, 280 F. App'x 968 (Fed. Cir. 2008) ... 13

*Wuxi Multimedia, Ltd. v. Koninklijke Philips Elecs., N.V.*, No. 04cv1136 DMS (BLM), 2006 WL 6667002 (S.D. Cal. Jan. 5, 2006) ....................................................................................... 13

**STATUTES**

5 U.S.C. § 555(b) ........................................................................................................................ 10

5 U.S.C. § 701 ............................................................................................................................. 10

5 U.S.C. § 702 ...................................................................................................................... 10, 12

5 U.S.C. § 703 ............................................................................................................................. 10

5 U.S.C. § 704 ............................................................................................................................. 10

5 U.S.C. § 705 ............................................................................................................................... 9

5 U.S.C. § 706(1) .................................................................................................................. 10, 12

5 U.S.C. § 706(2) .................................................................................................................. 10, 12

15 U.SC. § 1 ..................................................................................................................... 10, 12, 14

15 U.SC. § 2 ......................................................................................................................... 10, 14

15 U.SC. § 5 ................................................................................................................................ 10

15 U.S.C. § 15 ......................................................................................................................... 14,15

15 U.SC. § 22 .............................................................................................................................. 15

18 U.S.C. § 241 ........................................................................................................................... 17

18 U.S.C. § 242 ........................................................................................................................... 18

18 U.S.C. § 1001 ................................................................................................................... 10, 17

18 U.S.C. § 1341 ................................................................................................................... 10, 17

18 U.S.C. § 1962(c) .................................................................................................................... 14

18 U.S.C. § 1964 ........................................................................................................................... 9

28 U.S.C. § 1391(b)(3) ............................................................................................................... 17

28 U.S.C. § 1391(d) .................................................................................................................. 16

42 U.S.C. § 1981 ....................................................................................................................... 13

42 U.S.C. § 1981(a) ............................................................................................................... 9, 14

42 U.S.C. § 1981(b) ............................................................................................................... 9, 14

42 U.S.C. § 1983 .................................................................................................................... 9, 14

42 U.S.C. § 1985 .................................................................................................................. 14, 16

42 U.S.C. § 1985(1) ......................................................................................................... 9, 14, 17

42 U.S.C. § 1985(2) ......................................................................................................... 9, 14, 17

42 U.S.C. § 1985(3) ......................................................................................................... 9, 14, 17

Rule 8(a)(2) of the Federal Rules of Civil Procedure .................................................................. 10

**OTHER AUTHORITIES**

Brilmayer, et al, *A General Look at General Jurisdiction*, 66 Tex. L. Rev. 721 (1988) .............. 17

7
DEFENDANT INTEL CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT, CASE NO. 2:21-cv-01539-TLN-CKD

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Michael Bruzzone ("Plaintiff" or "Mr. Bruzzone") is a vexatious litigant who has waged a "tireless crusade of frivolous lawsuits" against defendant Intel Corporation ("Intel") and others, including attorneys, judges, and other businesses. *See* Declaration of Christine Peek in Support of Intel Corporation's Motion to Dismiss Complaint and Motion to Declare Michael Bruzzone a Vexatious Litigant ("Peek Decl."), Exh. BB, pp. 1:25-4:17, 13:27, Exh. CC, pp. 5:4-7:26. Plaintiff's latest Eastern District Complaint repackages the same unintelligible claims that were rejected in his earlier 2018 Eastern District lawsuit against Intel and other defendants, Case No. 2:18-cv-00865-KJM-DB. *Id.*, Exhs. GG-II; *see also* Request for Judicial Notice in Support of Intel Corporation's Motion to Dismiss Complaint and Motion to Declare Michael Bruzzone a Vexatious Litigant ("RJN"), p. 2. As evidenced by Plaintiff's decades-long history of baseless litigation against Intel, any effort to amend would be futile. *See generally* Peek Decl., Exhs. A through WW. Intel therefore requests that the Court dismiss Mr. Bruzzone's latest Complaint in its entirety, without leave to amend, and dismiss this action with prejudice.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### I. PLAINTIFF'S HISTORY OF VEXATIOUS LITIGATION.

For over twenty (20) years, Plaintiff has pursued meritless litigation against Intel. *See*, *e.g.*, Peek Decl., Exh. BB, pp. 1:24-5:9 (summarizing Plaintiff's litigation through 2018); *see also id.*, Exh. CC, pp. 1:22-7:26 (summarizing Plaintiff's litigation through 2014). For example, in 2013, Plaintiff tried to sue Intel under the False Claims Act in the Northern District of California, Case No. 3:13-cv-03729-WHA ("2013 Northern District action"). *See id.*, Exhs. A through D. The 2013 Northern District action was dismissed on February 27, 2014, in part because the court would not allow Plaintiff to proceed with a qui tam case in pro per. *See id.*, Exh. D, p. 1:17-3:8, Exh. BB, p. 2:13-18. Plaintiff challenged the refusal to allow him to proceed as a pro per relator in a subsequent Northern District action in 2014, which was also unsuccessful, both in the district court and on appeal. *See id.*, Exh. F, p. 2:14-26, Exh. EE, p. 2; *see also id.*, Exh. BB, p. 2:19-3:1.

Plaintiff has filed numerous other actions against Intel, its attorneys, and judges who have presided over Plaintiff's actions. *See* Peek Decl., Exh. BB, pp. 1:24-2:12, 3:9-21. Plaintiff's meritless lawsuits are so numerous that he is subject to vexatious litigant pre-filing review requirements in California state courts and in the Northern District of California. *See id.*, Exhs. BB through DD.

## II. PLAINTIFF'S UNSUCCESSFUL 2018 EASTERN DISTRICT ACTION.

On or about April 10, 2018, Plaintiff commenced a new pro se action against Intel and other defendants in the Eastern District of California. *See* Peek Decl., Exhs. GG, HH. The 2018 Eastern District action rehashed the same baseless allegations that had been rejected previously (*compare*, *e.g.*, *id.*, Exh. GG, pp. 2:7-4:21, *with id.*, Exh. E, pp. 7:1-15:24), and appeared to mount a collateral attack on the 2014 Northern District vexatious litigant order:

> Where in August 2014 Intel Corp. suspect to make attorneys portrayal of "merit-less" disparagement publicly clear; subject 3:14-cv-01279 WHA, *frame Bruzzone in the Northern District of California as a federal "vexatious litigant"* relying on an inadequate record of misrepresented & trumped case claims do construct a condemning justification.

*Id.*, Exh. GG, p. 4:22-25 (emphasis added).[1]

After describing the operative "2nd Amended Complaint" as "nearly impossible to decipher" and finding the action "frivolous" (*id.*, Exh. HH, pp. 2:3, 10:16; *see also id.*, Exh. II (Order adopting the Magistrate Judge's Findings and Recommendations, "including the finding that this action is frivolous")), the Court dismissed the "2nd Amended Complaint" without leave to amend. *See id.*, Exh. II, p. 2. Plaintiff's appeal of the dismissal was also found to be frivolous, and was dismissed by the Ninth Circuit. *See id.*, Exhs. JJ through LL. Plaintiff filed two petitions for writ of certiorari to the United States Supreme Court, seeking review of the Ninth Circuit's Orders (U.S. Supreme Court Case No. 20-5331 and U.S. Supreme Court Case No. 20-7014). *See id.*, ¶ 30. Both petitions were denied. *See id.*, ¶ 30, Exhs. MM and NN.

///

---

[1] Grammar, spelling, capitalization, and punctuation are quoted as they appear in Plaintiff's writings.

### III. ALLEGATIONS OF THE 2021 COMPLAINT.

Plaintiff again makes the same frivolous and harassing allegations against Intel that have been rejected by numerous courts. *Compare*, *e.g.*, ECF 1, pp. 4-12, *with* Peek Decl., Exh. GG, pp. 2-8, Exh. HH, pp. 5:26-8:3 (describing Plaintiff's "2nd Amended Complaint" in Eastern District Case No. 2:18-cv-00865-KJM-DB as "unintelligible," "devoid of factual allegations," and consisting of "vague, conclusory, and nonsensical sentences," and denying leave to amend).

Plaintiff's allegations remain unintelligible. Similar to Plaintiff's "2nd Amended Complaint" in Eastern District Case No. 2:18-cv-00865-KJM-DB, the Complaint in this action references numerous federal laws, such as the following:

(1) The Administrative Procedure Act, 5 U.S.C. § 555(b) and 5 U.S.C. §§ 701-706;

(2) Sections 1, 2 and 5 of the Sherman Antitrust Act[2] (concerning restraint of trade and monopoly power);

(3) The Clayton Act[3] (allowing private parties to sue for antitrust violations);

(4) 18 U.S.C. §§ 1962, 1964 (Civil RICO);

(5) 42 U.S.C. § 1981(a)-(b) (equal rights to make and enforce contracts, among other federally guaranteed rights); 42 U.S.C. § 1983 (creating a right of action against deprivation of federal rights under color of state law); and 42 U.S.C. § 1985(1)-(3) (prohibiting conspiracies to interfere with civil rights);

(6) Various criminal statutes, including 18 U.S.C. § 1001 (knowing and willful concealments, misrepresentations, or false writings in matters within the jurisdiction of the executive, legislative, or judicial branch of the United States), and 18 U.S.C. § 1341 (mail fraud).

*See*, *e.g.*, ECF 1, p. 2 (table of contents).

---

[2] Codified at 15 U.S.C. §§ 1-2, 5. Although Plaintiff cites "15 U.S.C. § 5" in reference to antitrust investigations (*see*, *e.g.*, ECF 1, p. 7:14), § 5 concerns a court's authority to bring in parties residing outside the district where the court is located, and does not provide a substantive right of action. Also, § 5 "applies only to anti-trust suits brought by the United States." *Kohn v. Telepromter Corp., Tele-Q Corp.*, 22 F.R.D. 259, 261 (S.D.N.Y. 1958).

[3] Codified at 15 U.S.C. § 15.

It is unclear from Plaintiff's Complaint how he believes any of these statutes provide a basis for any relief against Intel.  In fact, Plaintiff has no basis for any relief against Intel.  As the Northern District found in its 2014 order declaring Plaintiff a vexatious litigant: "Mr. Bruzzone's claims are *frivolous*, *harassing*, and brought with no objective good faith expectation of prevailing.  His approach is to *repeatedly sue Intel* using complaints *referencing an uncalled-for number of statutes*, which *forces Intel to incur needless expense defending itself in court*."  Peek Decl., Exh. CC, pp. 11:26-12:1 (emphasis added).

## ARGUMENT

### I.  THE COMPLAINT FAILS TO STATE A CLAIM.

The Complaint must be dismissed, because it fails to satisfy the Rule 8 pleading standard.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007), the United States Supreme Court construed this requirement to mean that the complaint must allege "enough facts to state a claim to relief that is plausible on its face."  A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully."  *Id*.  Although courts should assume well-pleaded allegations to be true, allegations that amount to mere legal conclusions are not entitled to a presumption of truth.  *See id*. at 678, 681.  In applying the standard in *Twombly* and *Iqbal*, courts should first identify any conclusory allegations not entitled to the presumption of truth, and then examine whether the remaining allegations are sufficient to render the claim "plausible."  *See id*. at 679-681.  Here, Plaintiff's allegations are the same type of "unadorned, the-defendant-unlawfully-harmed-me" accusations rejected as insufficient in *Iqbal*.  *Id*. at 678.

///

///

///

### A. Plaintiff Fails to State, and Cannot State, a Claim Against Intel under the Administrative Procedure Act, Because Intel Is Not a Government Agency.

The Administrative Procedure Act authorizes district courts to "compel agency action unlawfully withheld or unreasonably delayed," and set aside agency findings that are:

> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (B) contrary to constitutional right, power, privilege, or immunity;
>
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>
> (D) without observance of procedure required by law;
>
> (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>
> (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

5 U.S.C. § 706(1)-(2); *see also* 5 U.S.C. § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."). Since Intel is not a governmental agency, no cause of action against Intel lies under this statute.

### B. Plaintiff Fails to State, and Cannot State, a Claim under the Sherman Act.

#### 1. Section 1 of the Sherman Act.

"Liability under § 1 of the Sherman Act, 15 U.S.C. § 1, requires a 'contract, combination …, or conspiracy, in restraint of trade or commerce.'" *Twombly*, 550 U.S. at 548. A plaintiff must allege: "(1) there was an agreement, conspiracy, or combination between two or more entities; (2) the agreement was an unreasonable restraint of trade under either a per se or rule of reason analysis; and (3) the restraint affected interstate commerce." *American Ad Management, Inc. v. GTE Corp.*, 92 F.3d 781, 784 (9th Cir. 1996). The complaint must contain enough factual matter to suggest that an agreement was made. *See Twombly*, 550 U.S. at 556. "[A]n allegation of parallel conduct and a bare assertion of a conspiracy will not suffice." *Id*.

///

Here, as in *Twombly*, there is not (and could not be) enough factual matter to infer that any unreasonable agreement in restraint of trade was made between Intel and anyone else. *See*, *e.g.*, ECF 1, p. 7:6-8 (unintelligible allegations about "cartel requirement tie paid to offset the cost for channel's engaged in Intel registered metering of processors sold in retail box and sold integrated into a computer chassis."). Likewise, there is insufficient factual matter to support an inference that there was an unreasonable restraint, that competition was harmed in any way, or that interstate commerce was affected. The Court is not required to accept Plaintiff's conclusory allegations as true (*see Twombly*, 550 U.S. at 556-57), and they do not state a claim under § 1 of the Sherman Act.

### 2. Section 2 of the Sherman Act.

Under § 2 of the Sherman Act, "[t]o state a claim for conspiracy to monopolize and attempt to monopolize, Plaintiffs must set forth facts to support the element of specific intent to monopolize." *Wuxi Multimedia, Ltd. v. Koninklijke Philips Elecs., N.V.*, No. 04cv1136 DMS (BLM), 2006 WL 6667002, at *9 (S.D. Cal. Jan. 5, 2006), *aff'd sub nom. Wuxi Multimedia Ltd. v. Koninklijke Philips Elecs., N.A.*, 280 F. App'x 968 (Fed. Cir. 2008). Plaintiff fails to allege (and cannot allege) any facts to support a plausible inference of specific intent to monopolize. *See* ECF 1, p. 10:7-8 (unintelligible allegations about "vertical on horizontally combing contracts intent to monopolize processor sales over cartel bridges across state lines for toll charges"). As with Plaintiff's 2018 Eastern District action, such "vague, conclusory, and nonsensical" allegations are insufficient under *Twombly*. *See* Peek Decl., Exh. HH, p. 6:1-2.

A claim under § 2 for monopolization requires a plaintiff to prove: "(a) the possession of monopoly power in the relevant market; (b) the willful acquisition or maintenance of that power; and (c) causal 'antitrust' injury." *California Computer Prod., Inc. v. Int'l Bus. Machines Corp.*, 613 F.2d 727, 735 (9th Cir. 1979). Plaintiff fails to make (and cannot make) any non-conclusory factual allegations that would tend to show the existence of a monopoly or any "causal antitrust injury." To the extent that Plaintiff intended to allege a claim under § 2, it should be dismissed without leave to amend, given the absence of any facts to support this claim.

///

### C. Plaintiff Fails to State, and Cannot State, a Claim under the Clayton Act.

Under 15 U.S.C. § 15 (§ 4 of the Clayton Act), "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws" may bring a suit for damages in district court. As explained above, the Complaint fails to articulate any facts to support a plausible claim that Intel engaged in anti-competitive behavior. To the extent Plaintiff is attempting to do so, he has not stated (and cannot state) a claim under the Clayton Act.

### D. Plaintiff Fails to State, and Cannot State, a Civil RICO Claim.

The Complaint does not state a cognizable claim for violation of 18 U.S.C. § 1962(c), which states:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

Plaintiff fails to plead a cognizable claim that Intel violated 18 U.S.C. § 1962(c), because no facts plausibly suggest Intel participated in a RICO enterprise. *See*, *e.g.*, *Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1173-76 (E.D. Cal. 2017) ("*CPAW*") (plaintiffs failed to allege facts showing existence of common purpose necessary to show existence of RICO "enterprise"). The Complaint instead contains conclusory allegations that the Court is not required to accept as true under *Twombly* and *Iqbal*. *See*, *e.g.*, ECF 1, p. 10:23-25 ("Pursuant States of United States at 18 U.S.C. § 1962(c) defendants do derive income from their racketeering activity on concealment of Intel dealing cartel processor distribution sales flow metering for reoccurring payments in interstate commerce is highway robbery."). To the extent Plaintiff is attempting to do so, he fails to allege, and cannot allege, a claim under RICO.

### E. Plaintiff Fails to State, and Cannot State, a Claim under 42 U.S.C. § 1981.

42 U.S.C. § 1981 provides statutory protection for certain enumerated rights:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every

kind, and to no other.

42 U.S.C. § 1981(a); *see also* 42 U.S.C. § 1981(b) (defining "make and enforce contracts").

Plaintiff fails to identify which of these rights was allegedly violated, or include any facts showing how Intel supposedly violated them.  *See* ECF 1, p. 7:23-25 (allegation that "[t]his is an action at 15 U.SC. §§ 15, 22 subject 42 U.S.C. § 1981(a)(b) by 'lawful class' advocate [and so on].")  Plaintiff fails to state, and cannot state, a plausible claim under § 1981.

### F. Plaintiff Fails to State, and Cannot State, a Claim under 42 U.S.C. § 1983.

To the extent Plaintiff is attempting to allege a claim under 42 U.S.C. § 1983, any such claim necessarily must fail.  "[T]o make out a cognizable claim under § 1983, a plaintiff must allege facts showing that: (i) the conduct complained of was committed by a person acting under color of state law; (ii) this conduct deprived a person of constitutional rights, and (iii) there is an actual connection or link between the actions of the defendants and the deprivation allegedly suffered by plaintiff."  *CPAW*, 235 F. Supp. 3d at 1181.  A private party only acts under color of state law if he or she is "jointly engaged with state officials."  *Ennis v. City of Daly City*, 756 F. Supp. 2d 1170, 1174 (N.D. Cal. 2010); *see also CPAW*, 235 F. Supp. 3d at 1183-84.  Conclusory allegations, such as "Intel including under color of law misrepresentations means too quash Mr. Bruzzone …" and "[Intel's outside counsel] [a]re engaged with United States Attorney NCD denying Bruzzone representation …" do not suffice, and refer to federal, not state, officials.  ECF 1, pp. 8:15-17, 9:20-25.  Because Plaintiff cannot plausibly allege action under color of state law by Intel, let alone deprivation of a federally protected right, he may not pursue a claim under 42 U.S.C. § 1983.

### G. Plaintiff Fails to State, and Cannot State, a Claim under 42 U.S.C. § 1985.

"Section 1985 contains discrete substantive clauses."  *Bretz v. Kelman*, 773 F.2d 1026, 1027, n.3 (9th Cir. 1985).  The Complaint references "1985(1)(2)(3)," though it is unclear how Plaintiff believes section 1985 applies.  *See* ECF 1, pp. 2 [table of contents], 9:9-13 (allegation of "Northern California District corporate political divergence").  As summarized in *Bretz*:

> Section 1985(1) concerns preventing *an officer of the United States* from performing his or her duties.  The first clause of section 1985(2) concerns *conspiracy* to obstruct justice in the federal courts, or to intimidate a party,

> witness or juror in connection therewith.  The second clause of § 1985(2) provides a cause of action if:
>
>> two or more persons *conspire* for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.
>
> The first clause of § 1985(3) provides a cause of action for a *private conspiracy* to deny equal protection of the laws. The second clause of § 1985(3) provides a cause of action for a *conspiracy*:
>
>> for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws.
>
> The third clause of § 1985(3) provides a cause of action for a *conspirac*y to interfere with federal elections.

*Id.* at 1027, n.3 (emphasis added).

Plaintiff cannot plausibly allege that he is an officer of the United States.  His insistence that he is "recognized by 31 States Attorneys General as Intel Inside® witness, expert, and the relator original source" notwithstanding (ECF 1, p. 8:23-24), the Northern District declared Plaintiff a vexatious litigant and stated definitively that he "is not a 'relator'[.]"  *See*, *e.g.*, Peek Decl., Exh. CC, pp. 1:25-26, 13:16-22.  As above, Plaintiff has not alleged (and cannot allege) any facts that plausibly suggest a conspiracy between Intel and anyone else to obstruct justice or deny equal protection of the laws.

To the extent Plaintiff's claim is based on the Northern District's vexatious litigant orders, the Ninth Circuit already upheld the 2018 Order and summarily affirmed the Northern District's denial of Plaintiff's 2020 motion for relief from the 2014 Order.  *Id.*, Exhs. BB, FF, and TT.  This Court cannot review the Ninth Circuit's prior decisions rejecting Plaintiff's arguments on appeal.  *See Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392-93 (9th Cir. 1987) ("To allow a district court to grant injunctive relief against a bankruptcy court or the district court in the underlying bankruptcy case would be to permit, in effect, a 'horizontal appeal' from one district court to another or even a 'reverse review' of a ruling of the court of appeals by a district court.  Such collateral attacks on the judgments, orders, decrees or

decisions of federal courts are improper.") (footnotes omitted), *superseded by statute on other grounds as stated in Twin Sisters Gun Club v. Emlen*, No. 17–CV–01526–MCE–GGH, 2018 WL 1335394, at *9 (E.D. Cal. Mar. 15, 2018).

Plaintiff does not and cannot allege a claim under 42 U.S.C. § 1985.

### H.  No Right of Action Lies under Any Criminal Statute.

It is not clear if Plaintiff attempts to assert civil claims based on the alleged violation of criminal statutes. To the extent he does, the criminal statutes Plaintiff cites do not provide a private right of action. *See Katumbusi v. Cty. of Sacramento*, No. 2:19-cv-128-KJM-EFB PS, 2019 WL 460614, at *3 (E.D. Cal. Feb. 6, 2019) (no private right of action for violations of 18 U.S.C. §§ 241, 242, or 1341); *Carmichael v. Sacramento Reg'l Transit*, No. 2:16-cv-2476-JAM-EFB PS, 2018 WL 338977, at *3 (E.D. Cal. Jan. 8, 2018) (no private right of action for violation of 18 U.S.C. § 1001). Plaintiff cannot allege claims based on criminal statutes.

### II.   VENUE IS IMPROPER IN THE EASTERN DISTRICT.

Because California has multiple districts and Intel is a corporation, whether Intel "resides" in the Eastern District depends on whether Intel's contacts with the Eastern District are "sufficient to subject it to personal jurisdiction if that district were a separate State[.]" 28 U.S.C. § 1391(d); *see also Stohl v. Magic Mountain, LLC*, No. 2:17-CV-01858-TLN-DB, 2019 WL 498993, at *3 (E.D. Cal. Feb. 8, 2019). Under the minimum contacts test, personal jurisdiction may be general or specific. *Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014).

### A. Plaintiff Does Not, and Cannot, Allege a Basis for General Jurisdiction, for Purposes of Showing Intel's Residency in the Eastern District.

"With respect to a corporation, the place of incorporation and principal place of business are "paradig[m] ... bases for general jurisdiction." *Id.* at 137 (quoting Brilmayer, et al., *A General Look at General Jurisdiction*, 66 Tex. L. Rev. 721, 735 (1988)). Here, Plaintiff does not and cannot allege Intel is incorporated in California, or that Intel has its principal place of business in the Eastern District. *See Bruzzone v. Intel Corp.*, No. 2:18-cv-0865-KJM-DB PS, 2018 WL 11312954, at *3 (E.D. Cal. Sept. 28, 2018) ("Here, it appears from the court's research that defendant Intel resides in Santa Clara County, which is in the United States District Court

for the Northern District of California."). Likewise, plaintiff does not and cannot allege facts showing this is an "exceptional case" where Intel's affiliations with the Eastern District are "so substantial and of such a nature as to render the corporation at home" in this district. *Stohl*, 2019 WL 498993, at *4 (quoting *Daimler*, 571 U.S. at 139, n.19) (internal quotation marks omitted).

### B. Plaintiff Does Not, and Cannot, Allege a Basis for Specific Jurisdiction, for Purposes of Showing Intel's Residency in the Eastern District.

"In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773, 1781, 198 L. Ed. 2d 395 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (alterations in original). Plaintiff does not, and cannot, allege facts showing any nexus between the allegations of the Complaint and any activity or occurrence in the Eastern District. Instead, Plaintiff alleges his Complaint is brought to the Eastern District on a "42 U.S.C. § 1985(1)(2)(3) Northern California District corporate political divergence[.]" ECF 1, p. 9:9-10. Although it is unclear what Plaintiff means by this, a baseless belief that Plaintiff was treated unfairly in the Northern District is not an "activity or occurrence" in the Eastern District that can support specific jurisdiction.

### C. Plaintiff Does Not, and Cannot Allege Facts Showing Venue Is Proper in the Eastern District under 28 U.S.C. § 1391(b)(3).

Finally, Plaintiff also cannot show venue is proper in the Eastern District under 28 U.S.C. § 1391(b)(3), which covers situations where "there is no district in which an action may otherwise be brought as provided in this section[.]" As this Court noted when it dismissed Plaintiff's 2018 Eastern District action without leave to amend, "it appear[s] that defendant Intel reside[s] in the Northern District[.]" Peek Decl., Exh. HH, p. 4:22-26. Moreover, on the face of the Complaint in the instant case, this action is related to Plaintiff's numerous Northern District actions. *See*, *e.g.*, ECF 1, p. 4:22-23 ("Intel inadequately vexes Bruzzone in federal and state courts claiming on erroneous cause that Intel is harassed."); *id.* at p. 9:9-10 ("This complaint is here brought to Eastern District on a 42 U.S.C. § 1985(1)(2)(3) Northern California District

1 corporate political divergence [and so on].").

2 "Once a defendant challenges venue, the plaintiff bears the burden of demonstrating that
3 the chosen venue is proper." *Breakey v. Lindsey*, No. 2:19-cv-00620-TLN-KJN, 2020 WL
4 1307042, at *3 (E.D. Cal. Mar. 19, 2020). Because Plaintiff does not and cannot allege facts
5 showing venue is proper in the Eastern District, this action must be dismissed under Rule
6 12(b)(3). Transferring this case to the Northern District would serve no purpose, as Plaintiff is
7 subject to vexatious litigant orders in the Northern District. *See* Peek Decl., Exhs. BB, CC.

**III.     PLAINTFF SHOULD BE DENIED LEAVE TO AMEND.**

9 "Valid reasons for denying leave to amend include undue delay, *bad faith*, *prejudice*, and
10 *futility*." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th
11 Cir. 1988) (emphasis added). In determining whether to grant leave to amend, the court
12 considers a variety of factors, including "*repeated failure to cure deficiencies by amendments*
13 *previously allowed*, *undue prejudice to the opposing party*  by virtue of allowance of the
14 amendment, [and] *futility of the amendment*[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962)
15 (emphasis added).

16 Here, Plaintiff's Complaint raises the same issues as his numerous previously dismissed
17 lawsuits. *See*, *e.g.*, Peek Decl., Exhs. GG through II (dismissing Bruzzone's 2018 Eastern
18 District action with prejudice after two opportunities to amend); *see also id.*, Exh. BB, p. 10:22-
19 25 ("The court also notes that the original complaint in this action is largely duplicative of the
20 many complaints Bruzzone has filed against Intel and various persons related to Intel, none of
21 which has plausibly stated a claim for which relief could be granted."). There are no facts that
22 Plaintiff can allege to support his frivolous and harassing claims. The Northern District
23 previously found that "Mr. Bruzzone has a *personal vendetta* against Intel as evidenced by the
24 six actions he has filed in state and federal court." *Id.*, Exh. CC, p. 10:27-28 (emphasis added).
25 Plaintiff should not be given leave to amend, because his lawsuits against Intel are "*frivolous*,
26 *harassing*, and brought with *no objective good faith expectation of prevailing*," and because
27 amendment would be futile. *Id.*, Exh. BB, p. 13:9-10 (emphasis added); *see also Alfaro v. Citi*
28 *Bank*, No. CIV-S-070363 GEB DAD PS, 2007 WL 1186562, at *2 (E.D. Cal. Apr. 19, 2007),

report and recommendation adopted, No. 2:07-CV-0363 GEB DAD PS, 2007 WL 1544735 (E.D. Cal. May 25, 2007) ("Based on plaintiff's history of filing obviously frivolous actions, it would be futile to grant leave to amend.").

## CONCLUSION

The Complaint does not and cannot state a claim, and Plaintiff cannot show venue is proper in this district. The Complaint should be dismissed without leave to amend, and the entire action should be dismissed with prejudice.

Dated: September 24, 2021                                McMANIS FAULKNER

/s/ Christine Peek
CHRISTINE PEEK

Attorneys for Defendant,
INTEL CORPORATION