UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. BRUZZONE, | No. 2:21-cv-1539-TLN-CKD PS |
| Plaintiff, | |
| v. | ORDER AND |
| INTEL CORPORATION, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | (ECF Nos. 6, 7) |

Plaintiff Michael A. Bruzzone proceeds pro se in this action against defendant Intel Corporation. This matter was referred to the undersigned pursuant to Local Rule 302(c)(3). See 28 U.S.C. § 636(b). Defendant's motions to dismiss the complaint and to declare plaintiff a vexatious litigant came before the court and the parties appeared for a hearing via videoconference on November 10, 2021. Plaintiff appeared pro se and attorney Christine Peek appeared on behalf of defendant.

Having considered the papers filed and statements at the hearing, the undersigned recommends the court grant the motion to dismiss and dismiss the complaint without leave to amend. The undersigned further recommends the court grant the motion to declare plaintiff a vexatious litigant and enter a pre-filing order applicable to further pro se actions initiated by plaintiff against defendant Intel.

1

**I.   BACKGROUND**

    **A.   Prior Action**

On or about April 10, 2018, plaintiff commenced a pro se, in forma pauperis action against Intel and other defendants in the Eastern District of California with a complaint mentioning malicious slander, libel, fraud, contract interference, and price fix recovery ("prior action"). See Bruzzone v. Intel Corp., No 2:18-cv-0865-KJM-DB, 2019 WL 6878152, at *5 (E.D. Cal. December 17, 2019). In the prior action, the assigned magistrate judge twice granted plaintiff leave to amend, advising him of the deficiencies of the complaint. See Id. Ultimately, it was determined plaintiff would be unable to successfully amend the complaint. Id. at *5 (describing the second amended complaint as "nearly impossible to decipher" and finding that granting further amendment would be futile). By order dated February 13, 2020, the court declared the prior action was frivolous and dismissed the operative complaint without leave to amend. Id., 2020 WL 731623, at *1 (E.D. Cal. Feb. 13, 2020) ("adopt[ing] in full [the findings and recommendations], including the finding that this action is frivolous").

Plaintiff appealed the dismissal of the prior action to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit dismissed the appeal as frivolous and the United States Supreme Court denied review. Bruzzone v. Intel Corp., No. 20-15326, 2020 WL 4728782 (9th Cir. July 2, 2020), cert. denied, 141 S. Ct. 567 (October 13, 2020). Plaintiff further sought, unsuccessfully, to alter or amend judgment in the Ninth Circuit, and petitioned, unsuccessfully, for Supreme Court review a second time, culminating in a second denial of a petition for writ of certiorari on April 5, 2021. Id., 2020 WL 9074456 (9th Cir. November 5, 2020), cert. denied, 141 S. Ct. 2473 (April 5, 2021).

    **B.   Present Action**

Plaintiff filed the complaint in the present action on August 27, 2021. (ECF No. 1.) Defendant filed the pending motions on September 24, 2021. Defendant moves to dismiss the complaint for failure to state a claim, or, alternatively, for improper venue. (ECF No. 6.) Separately, defendant moves the court to declare plaintiff a vexatious litigant and to enter an order requiring pre-filing review of further actions filed by plaintiff against defendant. (ECF No.

2

7.) Plaintiff has filed oppositions to both motions. (ECF No. 11, 12.) Plaintiff additionally filed a declaration with exhibits in further opposition to the vexatious litigant motion. (ECF No. 15.)

## II.    LEGAL STANDARDS FOR MOTION TO DISMISS

The purpose of a motion to dismiss under Federal Rules of Civil Procedure, Rule 12(b)(6), is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In order to state a valid claim for relief, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). The court does not, however, assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2. (9th Cir. 1986). In addition, while Rule 8(a) does not require detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 676. A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

In ruling on a motion to dismiss, the court may consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, as well as matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001). The court may also consider matters properly subject to judicial notice. Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007).

III.   DISCUSSION

     A.   **Request for Judicial Notice (ECF No. 9)**

A court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Public records are properly the subject of judicial notice because the contents of such documents contain facts that are not subject to reasonable dispute, and the facts therein "can be accurately and readily be determined from sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201(b); see Intri-Plex Techs. v. Crest Grp., Inc., 499 F.3d 1048, 1052 (9th Cir. 2007).

Defendant requests the court to take judicial notice of the existence and authenticity of the court records attached as Exhibits A through WW to the Declaration of Christine Peek in Support of Defendant Intel Corporation's Motion to Dismiss Complaint and Motion to Declare Michael A. Bruzzone a Vexatious Litigant. (ECF No. 9.) Good cause appearing, the request to take judicial notice of court records is granted. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); Fed. R. Evid. 201(b).

     B.   **Motion to Dismiss (ECF No. 6)**

          1.   **Failure to State a Claim**

Plaintiff's complaint is difficult to understand. In general, though, it mentions alleged fraud by Intel, antitrust, "cartel theft," and price fix recovery. For an introduction, the complaint alleges, in part, the following

> Metering reports of processor in box and computer chassis end buyer volume sales are mandated contractually by Intel Corporation for inventory tracking "unreasonably raising prices[.]" Price is raised by $6.59 across minimally 4,623,837,562 consumer purchases of Intel Corp. processors May 1993 through December 31, 2018. Sums are ascertained across 25 Intel 10 K reports on discovery on Intel contract knowledge by Bruzzone attorney's enlisted discovery aid for the Federal Trade commission in 2008, validated by an expert academic source known as "Professor" for European Union Competition Commission 37.990 Intel antitrust investigation in 2009.

////

> Bruzzone seeks $13.18 in Intel Inside price fix recovery associated his Pentium 200 and Core 2 Duo purchases, and for his 25 years of case work enlisted in academic discovery service by Federal Trade Commission supporting v. Intel Corporation Dockets 9288 begins May 1998 and Docket 9341 currently for professional losses associated with punitive harms.

(ECF No. 1 at 4.) The complaint's introduction also mentions Anti-SLAPP and references vexatious litigant motions presumably brought by defendant or their attorneys against plaintiff in other jurisdictions. (Id. at 5.)

For the "facts" of the complaint, plaintiff alleges the following, in pertinent part:

> According to the Intel Corp 10K, Intel Inside® is a cost charge incorporated within the price of Intel x86 processors and the computers they are integrated. Presents a cartel requirement tie paid to offset the cost for channel's engaged in Intel registered metering of processors sold in retail box and sold integrated into a computer chassis. Sales outlets are directly paid by Intel for their reports acting in sales agency. The practice is discriminatory to end buyers who pay that cost of sales tracking in their final purchase price of Intel Processors in retail box or integrated into dealers Intel Inside® branded computers, "unreasonably raising prices"; [citation].

(ECF No. 1 at 7.) Plaintiff seeks damages. (Id. at 13.)

As plaintiff has previously been advised, the Federal Rules of Civil Procedure adopt a flexible pleading policy, but a complaint must give the defendant fair notice of the claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Here, despite citation to various statutes, plaintiff's complaint fails to give fair notice of any cognizable claims and fails to allege facts to state the elements of any claim plainly and succinctly as required by Federal Rule of Civil Procedure, Rule 8. The motion to dismiss should be granted on this basis.

5

**2.     Leave to Amend**

The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). The complaint of a pro se plaintiff may be dismissed for failure to state a claim "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

The stringent standard for denying leave to amend is met. As set forth, in the prior action plaintiff filed in this court in 2018, the assigned magistrate judge twice granted plaintiff leave to amend while advising plaintiff about the deficiencies in his pleadings. Bruzzone, 2019 WL 6878152, at *5. Despite those repeated advisements, plaintiff was unable to state a claim in the prior action. As set forth, in the present action, too, the complaint does not come close to stating a cognizable claim.

Although plaintiff stated at the hearing on this matter that he considers the current action to be substantively different from his prior action against defendant in this court, the court records of which this court takes judicial notice reflect that plaintiff has an extensive history of attempting to state a claim against defendant based on similarly difficult to decipher allegations of fraud, price-fix, and anti-competitive behavior in previous actions filed in other jurisdictions. Based on the allegations in the present complaint and the court records listed herein, it plainly appears plaintiff will be unable to state a valid claim against defendant. Under these circumstances, granting leave to amend would be futile. Since it is being recommended that the court dismiss the

complaint without leave to amend for failure to state a claim, the undersigned declines to consider the alternate argument to dismiss for improper venue.

### C. Motion to Declare Plaintiff a Vexatious Litigant (ECF No. 7)

#### 1. Legal Standards for Vexatious Litigant

A district court has the inherent authority to enter pre-filing orders against vexatious litigants under the All Writs Act, 28 U.S.C. § 1651. De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990); Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). Such orders may include enjoining litigants with abusive and lengthy histories by restricting the filing of further meritless cases. De Long, 912 F.2d at 1147. Pre-filing injunctions are an extreme remedy, however, and should be rarely used because such sanctions can tread on a litigant's due process right of access to the courts. Molski, 500 F.3d at 1057.

In order for a district court to impose a restrictive pre-filing order, the Ninth Circuit requires the following (1) the plaintiff must be given adequate notice and an opportunity to oppose a restrictive pre-filing order prior to entry; (2) the court must present an adequate record for review by listing the case filings that support its order; (3) the court must make substantive findings as to the frivolous or harassing nature of the plaintiff's actions; and (4) the order must be narrowly tailored to fit the specifics of the plaintiff's abuses. De Long, 912 F.2d at 1147-49. Under the federal standard, litigiousness alone is insufficient to support a finding that a plaintiff is a vexatious litigant. See Moy v. United States, 906 F.2d 467, 470 (9th Cir.1990). The focus is on the number of suits that were frivolous or harassing in nature rather than the number of suits that were adversely decided. See De Long, 912 F.2d at 1147-48; see also Microsoft Corp. v. Motorola, Inc., 696 F.3 872, 886 (9th Cir. 2012) (the excessive number of lawsuits must be "without reasonable or probable cause or excuse, harassing, or annoying").

The Ninth Circuit has applied the Second Circuit's five-factor standard as "a helpful framework" for this determination, considering the following: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the

litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Molski, 500 F.3d at 1058 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2nd Cir. 1986)).

### 2.     Basis for Pre-Filing Order

Defendant's motion to declare plaintiff vexatious recounts plaintiff's "20-year history of unsuccessful, frivolous lawsuits against Intel Corp[.]" (ECF No. 7 at 6 (compiling cases).) These actions include the following:

1. Bruzzone v. Intel Corp., et al., No. 1-99-cv-779409 (Santa Clara Sup. Ct. Jan. 20, 1999) (see Declaration of Christine Peek (ECF No. 8), Exhibit M) (complaint alleging "wrongful interference with economic advantage," libel, and defamation).

2. Bruzzone v. Intel Corp., No. 1-11-cv-213829 (Santa Clara Sup. Ct. Nov. 29, 2011) (see Id., Exh. G) (complaint alleging "antitrust violations and racketeering" and "hidden monopoly and price fix overcharge").

3. Bruzzone v. Intel Corp., et al., No. 3:13-cv-03729-WHA (N.D. Cal. Aug. 12, 2013) (see Id., Exh. A) (complaint describing plaintiff as "the original source of information of a direct cartel procurement fraud" by Intel).

4. Bruzzone v. Intel Corp., et al., No. 3:14-cv-01279-WHA (N.D. Cal. Mar. 19, 2014) (see Id., Exh. E) ("Federal Relator Civil Complaint" alleging "crime ring," racketeering, and "defamatory fraud").

5. Bruzzone v. Intel Corp., et al., No. 3:16-mc-80042-VC (N.D. Cal. Feb. 22, 2016) (see Id., Exh. Q) (complaint submitted for pre-filing review discussing "Intel Inside price fix").

6. Bruzzone v. Intel Corp., et al., No. 3:16-mc-80063-HSG (N.D. Cal. March 16, 2016) (see Id., Exh. S) (motion for pre-filing review mentioning Intel Inside price fix).

7. Bruzzone v. Intel Corp., et al., No. 3:16-mc-80111-RS (N.D. Cal. May 19, 2016) (see Id., Exh. U) (complaint alleging libel, defamation and fraud).

8. Bruzzone v. Intel Corp., et al., No. 3:16-80126-JST (N.D. Cal. June 13, 2016) (see Id., Exh. W) (complaint referencing "Intel Inside consumer price fix harms").

      9. <u>Bruzzone v. Intel Corp., et al.</u>, No. 3:16-mc-80233-WHA (N.D. Cal. Oct. 31, 2016) (see <u>Id.</u>, Exh. Y) (complaint alleging antitrust, economic crimes, racketeering, price-fix, and cartel operation).

      10. <u>Bruzzone v. Intel Corp., et al.</u>, No. 4:18-cv-01235-PJH (N.D. Cal. Feb. 26, 2018) (see <u>Id.</u>, Exh. A) (amended complaint mentioning defamation and anti-competitive conduct).

      11. <u>Bruzzone v. Intel Corp., et al.</u>, No. 2:18-cv-00865-KJM-DB (E.D. Cal. April 10, 2018) (see <u>Id.</u>, Exh. GG) (original complaint filed in the prior action in this court mentioning price fix overcharges).

Within the last seven years, at least the following five actions filed against defendant or its agents have been finally determined adversely to plaintiff:

      1. <u>Bruzzone v. Intel Corp., et al.</u>, No. 4:18-cv-01235-PJH (N.D. Cal. Feb. 26, 2018) (see Peek Decl., Exh. BB).

      2. <u>Bruzzone v. Intel Corp., et al.</u>, No. 14-17003 (9th Cir. Nov. 21, 2016) (see <u>Id.</u>, Exh. EE).

      3. <u>Bruzzone v. Intel Corp., et al.</u>, No. 2:18-cv-00865-KJM-DB (E.D. Cal. April 10, 2018) (see <u>Id.</u>, Exhs. HH and II).

      4. <u>Bruzzone v. McMannis, et al.</u>, No. 18-17293 (9th Cir. Nov. 26, 2019) (see <u>Id.</u>, Exh. FF);

      5. <u>Bruzzone v. Intel Corp., et al.</u>, No. 3:14-cv-01279-WHA (N.D. Cal. Mar. 19, 2014) (see <u>Id.</u>, Exhs. SS and TT).

Plaintiff's repeated, unsuccessful and frivolous filings have resulted in plaintiff being declared a vexatious litigant and subjected to pre-filing orders in the United States District Court for the Northern District of California and in the Santa Clara County Superior Court. (<u>Id.</u> at 9.) See <u>Bruzzone v. Intel Corporation</u>, No. 3:14-1279 WHA, 2014 WL 4090470, at *8 (N.D. Cal. Aug. 19, 2014) (granting motion to declare plaintiff vexatious and imposing pre-filing order applicable to Intel and its current and former employees); <u>Bruzzone v. McManis</u>, Case No. 18-cv-1235 PJH, 2018 WL 5734546, at *8 (N.D. Cal. Oct. 31, 2018) (granting motion to declare plaintiff vexatious and expanding the existing pre-filing order to expanded list of individuals).

9

Considering the number and content of the cases listed, the number of claims filed by plaintiff against defendant is inordinate and those claims have been without merit. The undersigned is not aware of any of plaintiff's claims against defendant that have survived the pleading stage. Considering the number of unsuccessful actions brought by plaintiff against defendant thus far, the undersigned finds plaintiff does not have an objective good faith expectation of prevailing. Moreover, a pattern of harassment appears based on the repeated filing of these actions because, as noted, they all concern similarly meritless and duplicative allegations about defendant or defendant's agents being involved in fraud, price-fixing, cartel operation, antitrust, racketeering and/or defamation.

In addition, plaintiff's complaints are challenging or impossible to decipher, making it exceedingly difficult for the named defendants and the court to identify the claims he intends to bring. Plaintiff has repeatedly sued defendant with unclear complaints that cannot be understood, forcing defendants to incur needless expense defending themselves in court. This is a flagrant abuse of the judicial process which has allowed plaintiff to consume a considerable amount of time and resources from everyone involved. In short, the undersigned finds a pattern of frivolity and harassment based on the number and content of the listed cases.

This action represents plaintiff's second filing against defendant in this district court. In the prior, frivolous action against in this district, plaintiff was "explicitly caution[ed]… that filing a new lawsuit based on the events related to [the prior] action may result in plaintiff being declared a vexatious litigant, may subject plaintiff to a pre-filing review order, and may result in plaintiff being ordered to pay a defendant's reasonable attorney fees." Bruzzone, 2019 WL 6878152, at *7. Despite this admonition, and within months of the second Supreme Court denial of review pertaining to the prior action, plaintiff filed this further frivolous action against defendant.[1]

---

[1] Although plaintiff argued at the hearing on this matter that the prior action was a defamation action, and that he brings different claims in the current action, the undersigned finds the actions are based on similar or related alleged events. In the present action, too, plaintiff complains of defendant's conduct "maliciously placing [plaintiff] in false light." (ECF No. 1 at 4.) Moreover, both actions concern alleged price-fixing and fraud by defendant. Although plaintiff now describes the prior action as a defamation action, his original complaint in the prior action

Before recommending a pre-filing order, the undersigned considers whether monetary sanctions are available and might prove sufficient to prevent any future frivolous or harassing filings. See Molski, 500 F.3d at 1058; Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1065 (9th Cir. 2014). Federal Rule of Civil Procedure 11 provides a list of sanctions of varying severity that courts may, in their discretion, impose: "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

As evidenced by plaintiff's history of litigation against defendant and the filing of this action, nonmonetary directives would not have the weight necessary to deter plaintiff from continuing to file similar suits against defendant. It further appears that imposing monetary sanctions would not have adequate deterrent effect on plaintiff's harassing actions. Although plaintiff paid the filing fee in this case, he filed an in forma pauperis application in the prior 2018 action filed in this court and in many of the listed cases, representing under penalty of perjury that he had limited funds. Moreover, it may be difficult to collect a penalty, order of attorney's fees, and/or expenses from a pro se plaintiff.

Having considered alternative sanctions, the undersigned finds pre-filing review is warranted as to any pro se further litigation brought by plaintiff against defendant. Such an order would be narrowly tailored in that it is not a bar on bringing lawsuits, but rather a pre-filing review applicable only to pro se claims brought by plaintiff against defendant Intel Corporation. Under the order, plaintiff would submit to pre-filing review any pro se complaint filed in this court against Intel Corporation. The Clerk of the Court would forward any complaints submitted by plaintiff to chambers for pre-filing review. If chambers were to ascertain the complaint is duplicative or frivolous, then the complaint would not be filed and would instead, be returned to plaintiff. If chambers were to find the proposed pleading were not duplicative or frivolous, then the complaint would be given to the Clerk with instructions to file it, subject to payment of fees or

---

similarly alleged criminal fraud by Intel and price fix overcharges. See Bruzzone v. Intel, No 2:18-cv-0865-KJM-DB, ECF No. 1.

11

being granted in forma pauperis status.

Plaintiff has had notice and an opportunity to oppose this recommendation for a pre-filing order. The case filings that support entry of such an order are listed herein, and the number and content of those actions support the substantive findings that plaintiff's repeated claims against defendant are both frivolous and harassing. Under these circumstances, a narrowly tailored pre-filing order is an appropriate remedy. See De Long, 912 F.2d at 1147-49.

## IV.    CONCLUSION

In accordance with the above, IT IS ORDERED that defendant's request for judicial notice (ECF No. 9) is GRANTED.

In addition, IT IS RECOMMENDED:

1. Defendant's motion to dismiss (ECF No. 6) be GRANTED and plaintiff's complaint be DISMISSED without leave to amend;

2. Defendant's motion to declare plaintiff to be a vexatious litigant (ECF No. 7) be GRANTED; and

3. Plaintiff be declared a vexatious litigant and ordered to submit for pre-filing review any pro se complaint to be filed in the Eastern District of California against Intel Corporation.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 15, 2021

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

8.Bruzzone.21cv1539.mtd.vexlit