UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. BRUZZONE,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | No. 2:21-cv-1539-TLN-CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Michael A. Bruzzone moves the court under Federal Rule of Civil Procedure 60(b) to vacate the order dated November 11, 2022, declaring him to be a vexatious litigant and entering a pre-filing order applicable to further pro se actions initiated by plaintiff against defendant Intel Corporation. (ECF No. 29.) Defendant filed a response in opposition to the motion. (ECF No. 30.) On October 25, 2024, the presiding district judge referred this motion to the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636. (ECF No. 31.) For the reasons set forth below, the motion to vacate should be denied.

**I.   Background**

On or about April 10, 2018, plaintiff commenced his first pro se, in forma pauperis action in the Eastern District of California against Intel and other defendants. See Bruzzone v. Intel Corp., No 2:18-cv-0865-KJM-DB, 2019 WL 6878152, at *5 (E.D. Cal. December 17, 2019)

1

("prior action"). By order dated February 13, 2020, the court declared the prior action was frivolous and dismissed the operative complaint without leave to amend. Id., 2020 WL 731623, at *1 (E.D. Cal. Feb. 13, 2020). Plaintiff appealed the dismissal of the prior action to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit dismissed the appeal as frivolous. Bruzzone v. Intel Corp., No. 20-15326, 2020 WL 4728782 (9th Cir. July 2, 2020), cert. denied, 141 S. Ct. 567 (October 13, 2020).

Plaintiff filed the complaint in the present action on August 27, 2021. (ECF No. 1.) On January 11, 2022, the court dismissed the complaint for failure to state a claim and granted defendant's motion to declare plaintiff a vexatious litigant. (ECF No. 20.) The court entered an order requiring pre-filing review of further actions filed by plaintiff against defendant. (Id.) Plaintiff appealed to the United States Court of Appeals for the Ninth Circuit. (ECF Nos. 23, 24.) The Ninth Circuit modified the language of the pre-filing order entered against plaintiff and otherwise affirmed the judgment. (ECF No. 27.)

II.   **Legal Standard**

> On motion and just terms, the court may relieve a party from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1).

////

2

### III. Discussion

Plaintiff's arguments for moving to vacate the vexatious litigant order are difficult to understand. However, plaintiff indicates the motion is brought under subsections (1), (3), (4), and (6) of Rule 60 of the Federal Rules of Civil Procedure. In general, plaintiff states defendant has engaged in racketeering, swindling, false claims, price fixing, fraudulent deceit, retaliatory conduct, and other lawless behavior. (ECF No. 29 at 2-11.) Plaintiff alleges his lawsuits filed against defendant were meritorious and filed in good faith. (Id. at 4.) Plaintiff states this motion is "defendant's last honest chance to come clean informing this Court, Congress, people, Bruzzone, what's going on[.]" (Id. at 5.)

Plaintiff does not make the required showing for relief from the vexatious litigant order. Plaintiff does not identify any mistake, inadvertence, surprise, or excusable neglect. See Fed. R. Civ. P. 60(b)(1). Plaintiff does not identify any fraud, misrepresentation, or misconduct by defendant. See Fed. R. Civ. P. 60(b)(3). Plaintiff does not explain how the judgment is void, see Fed. R. Civ. P. 60(b)(4), and does not put forth any other reason that justifies relief, see Fed. R. Civ. P. 60(b)(6). Instead, plaintiff appears to rehash his extensive litigation history against defendant in this and other courts and puts forth arguments already made and already rejected by this court in ruling that plaintiff's repetitive complaint failed to state a claim against defendant. Nothing in plaintiff's present motion warrants reconsideration of the vexatious litigant order entered on November 11, 2022.

### IV. Recommendation

In accordance with the above, IT IS RECOMMENDED that plaintiff's motion to vacate the vexatious litigant order (ECF No. 29) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

1 parties are advised that failure to file objections within the specified time may waive the right to
2 appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 Dated:  December 6, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7 8, bruz21cv1539.mot.vac